UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

03cv11925 RCL

MAGISTRATE JUDGE _____    C.A. _____

STEVEN PASDON,

    Plaintiff

v.

CITY OF PEABODY, SHEILA MCDAID, in her professional and personal capacities, CHIEF ROBERT CHAMPAGNE, in his professional and personal capacities,

    Defendants

NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come the defendant pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, County of Essex, where it is currently pending, based upon the following grounds:

1. This is an action in which the plaintiff alleges violations of his civil rights under the Fifth, Sixth, and Seventh Amendment to the U.S. Constitution and seeks relief pursuant to 42 U.S.C. §1983 (Counts I-II). See Complaint, ¶14-18, affixed hereto and incorporated by reference.

2. This Court has jurisdiction over the plaintiff's constitutional claims pursuant to 28 U.S.C. §1441.

3.  This Removal is timely, as this action was first served on the defendant on September 10, 2003.

4.  All defendants have consented to the removal of the matter to the United States District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

DEFENDANTS,

By their attorneys,

*/s/ Katharine Doyle*
Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

202617/Metg/0487

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by hand) (mail) on 6/29/03
*/s/ K. Doyle*

2

Commonwealth of Massachusetts

Essex, ss.

Superior Court
Civil Action No.



A 3 1742

Steven E. Pasdon,
                Plaintiff

v.

City of Peabody

Sgt. Sheila McDaid, in her professional
and personal capacities, and

Chief Robert Champagne, in his professional
and personal capacities,

                Defendants.

9/8/03
ORIGINAL FILED IN ESSEX SUPERIOR COURT

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. This is an action pursuant to 42 U.S.C. s. 1983 for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. The action arises out of a series of criminal prosecutions and investigations launched by the Defendant City of Peabody's Police Department and Defendant Sergeant Sheila McDaid and Defendant Chief Robert Champagne against Plaintiff Steven E. Pasdon in violation of his civil and constitutional rights. Plaintiff Pasdon brings this action to recover his damages, including attorney's fees, and seek equitable relief.

### Parties

2. Plaintiff Steven E. Pasdon is an individual who resides in Peabody, Massachusetts and is employed by the City of Peabody as the Chief of the Fire Department.

3. Defendant City of Peabody is a municipal corporation.

4. Defendant Sheila McDaid is an individual and a Sergeant in the Peabody Police Department.

5. Defendant Robert Champagne is an individual and the Chief of the Peabody Police Department.

6. This court has jurisdiction over this matter pursuant to G.L. c. 212, § 4.

-1-

7. Venue is proper pursuant to G.L. c. 223, § 8(4).

### Facts

8. On August 2, 2002, Plaintiff Steven Pasdon's ex-wife made *ex parte* allegations against him to obtain a restraining order in Essex Probate and Family Court under c. 209A. That order remains in effect.

9. On September 4, 2003, at 10:38 a.m., Plaintiff's ex-wife made allegations to the Peabody Police Department that Plaintiff had violated the restraining order by coming within 50 yards of the marital home in Peabody.

10. On September 4, 2003, at 3:14 p.m., the Peabody Police Department, with approval of Defendant Chief Robert Champagne, caused a criminal complaint to be issued from Peabody District Court against Plaintiff for violating the restraining order.

11. On September 4, 2003, at 4:00 p.m., Defendant Sheila McDaid of the Peabody Police Department, with authorization of Chief Robert Champagne, questioned Plaintiff Steven Pasdon about the alleged criminal conduct without informing him that criminal process had already been issued against him and without informing him of his constitutional rights under Miranda.

12. On September 5, 2003, Defendant City of Peabody Police Department, with authorization of Chief Robert Champagne, read the substance of the police report containing the allegations of criminal conduct to a reporter from the Salem Evening News, who republished the allegations on September 6, 2003.

13. On September 8, 2003, Defendant Peabody Police Department, with authorization of Chief Robert Champagne, refused to provide a copy of the police report already released to the newspaper to Defendant's attorney without first obtaining authorization from the Peabody District Court. To date, only some of the police reports have been released despite repeated requests with the balance withheld by Defendant Sheila McDaid as per authorization of Defendant Chief Robert Champagne.

### Count I—Violation of 42 U.S.C. § 1983
[Violation of Fifth, Sixth and Seventh Amendment Rights—All Defendants]

14. Mr. Pasdon adopts by reference the allegations of Paragraphs 1 through 13 above.

-2-

15. By questioning Plaintiff after criminal process issued without informing him of that fact nor of providing him his rights under Miranda, Defendants, acting under color of state law, have caused Plaintiff to be injured and have deprived him of the rights guaranteed him under the Fifth, Sixth and Seventh Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983.

## Count II—Violation of 42 U.S.C. § 1983
### [Violation of Fifth, Sixth and Seventh Amendment Rights, City of Peabody and Champagne]

16. Mr. Pasdon adopts by reference the allegations of Paragraphs 1 through 15 above.
17. By releasing confidential information contained an ongoing criminal investigation, Defendant City of Peabody, through its police department and acting under color of state law, has caused Plaintiff to be injured and have deprived him of the rights guaranteed him of his right against self-incrimination, right to counsel, right to a fair trial and all other rights under the Fifth, Sixth and Seventh Amendments to the United States Constitution as enforced by 42 U.S.C. § 1983.

## Count III—Violation of 42 U.S.C. § 1983
### [Violation of Due Process Clause, City of Peabody and Champagne]

17. Mr. Pasdon adopts by reference the allegations of Paragraphs 1 through 17 above.
18. By publicly disseminating charges against Plaintiff, a City of Peabody employee, Defendant City of Peabody, acting through its police department and acting under color of state law, has caused Plaintiff, who is an employee of the City of Peabody, to be injured, to be held up to public scorn and to be stigmatized and deprived of his reputation without a hearing and without available and adequate post-deprivation hearing in violation of the due process clause of the Fourteenth Amendment to the United States Constitution as enforced by 42 U.S.C. § 1983.

### Prayers for Relief

Mr. Pasdon requests that judgment be entered in his favor against the Defendant City of Peabody as well as against Defendants Sgt. Sheila McDaid and Chief Robert Champagne in their official as well as personal capacities as follows:

1. That Defendants be enjoined from prosecuting and/or investigating any allegations against Mr. Pasdon in such a way that violates his constitutional rights;
2. That Defendants be ordered to bring pending and all future allegations made against Mr. Pasdon directly to this Court for its determination as to whether his rights have been violated and whether criminal prosecution should proceed;

3. That Defendants be ordered to refrain from interfering with Mr. Pasdon's liberty interests guaranteed him under the constitution;

4. That Mr. Pasdon's rights and Defendants' obligations under the Constitution be declared;

5. That Defendants be ordered to pay all Mr. Pasdon's damages, including attorney's fees, and all costs associated with this lawsuit;

6. That Defendants be ordered to release all police reports pertaining to Plaintiff; and

7. That the Court grant such other relief as it deems appropriate.

> Respectfully submitted,
>
> Steven E. Pasdon,
>
> By his attorney,
>
> Mary-Ellen Manning
> BBO# 559711
> P.O. Box 3528
> Peabody, MA 01960
> (978) 531-6363

Dated: September 8, 2003

-4-

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - (OTHER) CIVIL RIGHTS

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 3 1742

*Steven Gasdon*, Plaintiff(s)

v.

*City of Peabody, Sheila McDaid; Robert Champagne*, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon *Attorney Mary-Ellen Manning* plaintiff's attorney, whose address is *P.O. BOX 3528, PEABODY, MA 01961-3528*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at *Salem* either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the *8th* day of *September*, in the year of our Lord two thousand *and 3*.

Thomas H. Driscoll
Clerk

(LS)

TRUE ATTEST COPY
DEPUTY SHERIFF

**NOTES:**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT** - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - (OTHER) CIVIL RIGHTS

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-1742

Steven Paxton, ..................................., Plaintiff(s)

v.

City of Peabody, Sheila McDaid & Robert Champagne, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Mary-Ellen Manning, plaintiff's attorney, whose address is P.O. BOX 3528, Peabody, MA 01961-3528, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 8th day of September, in the year of our Lord two thousand and three.

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Essex County Sheriff's Department • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590

September 11, 2003

Essex, ss. I certify and return that on 9/10/2003 at 10:34 am I served a true and attested copy of the summons and complaint in this action in the following manner: To wit, by delivering in hand to Detective Sheila McDaid at Peabody Police Dept. at Police Station, Peabody, MA. Basic Service Fee ($30.00), Conveyance ($1.50), Travel ($3.20), Postage and Handling ($1.00), Copies ($5.00) Total Charges $40.70

Deputy Sheriff Michael Burke

*signature*

Deputy Sheriff

Dated:                    , 20

N.B.  TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

                    , 20

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No. 03-1742A

ESSEX, ss.

*Steven Rando* Plaintiff(s)

v.

*City of Peabody et al* Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

**Essex County Sheriff's Department** • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590

Essex, ss.

September 11, 2003

I hereby certify and return that on 9/10/2003 at 10:20 am I served a true and attested copy of the summons and complaint in this action in the following manner: To wit, by delivering in hand to Irene Zielski, Clerk, agent, person in charge at the time of service for City of Peabody, 24 Lowell Street, City Hall, Peabody, MA . Basic Service Fee ($30.00), Conveyance ($1.50), Travel ($3.20), Postage and Handling ($1.00), Copies ($5.00) Total Charges $40.70

Deputy Sheriff Michael Burke

*Deputy Sheriff*

N.B.   TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

, 20 .

COMMONWEALTH OF MASSACHUSETTS
ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION
No. 03-1743A

Steven Gaudon
Plaintiff(s)

v.

City of Peabody, et al
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - (OTHER.) CIVIL RIGHTS

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 3 1743

Steven Pasdon ........................, Plaintiff(s)

v.

City of Peabody, Sheila M David and Robert Champagne ........................, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

To the above named Defendant:

You are hereby summoned and required to serve upon Mary-Ellen Manning, plaintiff's attorney, whose address is P.O. Box 3528, Peabody, MA 01961-3528, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 8th day of September, in the year of our Lord two thousand and three.

Thomas H. Driscoll Jr.
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.